IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-01660 |
| | § | |
| SOUTHERN LIFE AND HEALTH INSURANCE COMPANY and THE RELIABLE LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Christopher Martinez's Motion to Remand (Document No. 10). After carefully considering the motion, responses, and the applicable law, the Court concludes that the motion to remand should be granted for the reasons that follow.

## I. Background

This is an insurance dispute. Plaintiff Christopher Martinez filed this suit against Defendants Southern Life and Health Insurance Company ("Southern Life") and The Reliable Life Insurance Company ("Reliable") in state court, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act, and violations of the Texas Insurance Code.[1] Southern Life removed the case on

[1] Document No. 1, ex. D at 5-9.

May 7, 2010, asserting diversity of citizenship as its basis for this Court's jurisdiction.[2] Oddly, it also asserted that "Reliable has not yet been served" and therefore need not consent, but attached to its Notice of Removal is a return of citation showing that Reliable *was* duly served with citation and a copy of Plaintiff's Original Petition on April 8, 2010.[3] Plaintiff now moves to remand, claiming that the amount in controversy is less than $75,000 and that removal was procedurally improper because Reliable did not consent to the removal.[4]

## II. Discussion

### A. Legal Standard

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal process is properly followed. A petition for removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Removal raises important federalism concerns; therefore, courts interpret these

---

[2] Id. at 1.

[3] Id. at 8 ¶ 21.

[4] Document No. 10.

provisions strictly. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Eastus v. Blue Bell Creameries L.P., F.3d 100, 106 (5th Cir. 1996).

When a plaintiff moves to remand, the burden of establishing jurisdiction and the propriety of removal rest upon the defendant. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). Any doubt about the propriety of the removal is to be resolved in favor of remand. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B. Whether Removal was Procedurally Proper

When there is more than one defendant, § 1446(b) requires that all served and properly joined defendants consent to removal. Getty Oil Corp. v. Ins. Co. of N.A., 841 F.2d 1254, 1262 (5th Cir. 1988) (citing Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986)). It is not necessary that each defendant sign the original petition of removal; however, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so." Getty Oil, 841 F.2d at 1262 n.11.

Southern Life's Notice of Removal contained no written indication from Reliable or anyone acting on its behalf that

Reliable consented to removal. In fact, in Paragraph 21 of its Notice of Removal, Southern Life stated:

> All defendants who have been properly served at the time of this removal have consented in writing to the removal of this action. Note that Defendant, Reliable, has not yet been served. Southern Life will provide notice of the removal to Reliable through the same means as service of process to be effected upon it.[5]

As already observed, however, Exhibit "C" to Southern Life's Notice of Removal is the process server's affidavit indicating that Reliable *was* served on April 8, 2010, before Southern Life removed the case.[6] The thirty-day period for removal expired without any written consent on file from Reliable. Therefore, Southern Life's removal was procedurally improper.

Southern Life argues for an equitable exception to avoid remand. In Getty Oil Corp. v. Insurance Company of North America, the Fifth Circuit recognized that there might be "exceptional circumstances" that would permit removal even when all the defendants have not joined in the removal petition before the end of the thirty-day period. 841 F.2d at 1264. However, since that case the Fifth Circuit has only recognized *one* situation where the "exceptional circumstances" exception applied. *See* Gillis v. Louisiana, 294 F.3d 755 (5th Cir. 2002). In Gillis, the

---

[5] Id. ¶ 21.

[6] Id., ex. C.

nonremoving defendant failed timely to file a formal written consent because it could only formally consent by authorization from a board meeting, and a board meeting could not be scheduled within the thirty-day removal period because the chairman of the board, who was also a *plaintiff* in the matter, had allegedly created scheduling conflicts. Id. Two of the three board members informally authorized the defendant's attorney to file a consent to removal, and thirty-nine days after the expiration of the removal period, the board held a formal meeting formally to ratify that consent. Id. The Fifth Circuit found that the "unique" and "exceptional" facts of Gillis fit within the equitable exception recognized in Getty Oil. Id.

Southern Life argues that an equitable exception applies here because Southern Life and Reliable shared the same counsel. According to Southern Life, when counsel signed Southern Life's Notice of Removal, he "acted as the attorney for both Southern Life and Reliable."[7] This argument fails for several reasons. First, it belies Southern Life's representation in its Notice of Removal that Reliable did *not* consent. Moreover, upon removal counsel for Southern Life explicitly recognized that he was not acting on behalf of both defendants, and he, Christopher W. Martin, signed the Notice of Removal for himself and for his firm, *only* as "Attorneys for Defendant, Southern Life and Health Insurance

[7] Document No. 12 at 9.

Company." *See* Local Rules 5.1, 11; *see also* FED. R. CIV. P. 11(b). It is disingenuous now to argue otherwise. Also, Southern Life has failed to show any "exceptional circumstance," similar to the one in Gillis, that prevented Reliable from filing a written consent in a timely manner. Finally, the Court must resolve all doubts in favor of remand. *See* Acuna, 200 F.3d at 339.

In the alternative, Southern Life argues that Reliable's consent to remove was unnecessary for two reasons: (1) "only one return of citation was on file at the time this matter was removed. . . . [and] Southern Life filed the Notice of Removal because no return of service had been posted for a second defendant";[8] and (2) there is only one defendant here incorrectly named as both Reliable and Southern Life," and "Southern life is not a proper party to this lawsuit."[9] As discussed, the "one return of citation . . . on file" establishes that *Reliable* was the defendant that was served.[10] Reliable did not file a Notice of Removal or join in the Notice of Removal filed by Southern Life. Moreover, Southern Life took pains to plead that while it is a citizen of Alabama, Reliable is a citizen of Missouri, two separate companies. Plaintiff's Motion to Remand is GRANTED.

Plaintiff's request for attorney's fees is DENIED.

---

[8] Id.

[9] Id. at 10.

[10] *See* Document No. 1, ex. C.

## III. Order

Accordingly, it is

ORDERED that Plaintiff Christopher Martinez's Motion to Remand (Document No. 10) is GRANTED, and this case is REMANDED to the 152nd Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. § 1441(b).

The Clerk shall mail a certified copy of this Order to the Clerk of the 152nd District Court of Harris County, Texas, as required by 28 U.S.C. § 1447(c), and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 19th day of July, 2010.

Ewing Werlein, Jr.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE